UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD TAPPE,<br><br>                            Plaintiff,<br><br>v.<br><br>SPENCER BUSBY, BUSBY & ASSOCIATES, APC, and DOES 1 through 10,<br><br>                           Defendants. | Civil No.   10cv1618-CAB (WMC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[Doc. Nos. 21, 22]** |

      Currently before the Court are Plaintiff's Motion for Partial Summary Judgment [Doc. No. 21], and Defendants' Motion for Summary Judgment [Doc. No. 22.] The Court heard oral argument on September 6, 2012. Upon consideration of the briefing of the parties, and the argument of counsel, for the reasons set forth below, Plaintiff's motion is **GRANTED**, and Defendants' motion is **DENIED**.

**I.    BACKGROUND**

      Plaintiff Todd Tappe filed a complaint on August 3, 2010 against attorney Spencer Busby and his law firm, Busby and Associates, APC for alleged violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S. C. § § 4301, et seq. ("USERRA"). [Doc. No. 1.]  Tappe, a licensed California attorney, began working for Mr. Busby in 2000, and Tappe alleges that he was retained as Mr. Busby's employee. [*Id.* at ¶ 3.] Tappe alleges that he notified his employer and that he had been involuntarily recalled to active duty in the military in Kuwait in February of 2007.

      In January of 2008, Mr. Tappe anticipated that he would be released from active duty in the summer

of 2008, and sent an email to Mr. Busby, stating in part, "I also have to line up some work and an office. Are you still planning to operate with a skeleton crew? Do you still have an open office? Please let me know because I have to figure something out." *Id.* at ¶ 5. Mr. Busby replied in two emails that he didn't have the need for a full time lawyer, "nor can afford to hire an attorney with your level of experience given the staff support I already have..." *Id.* at ¶ 6.

On June 13, 2008, Mr. Tappe received an honorable discharge from active duty after serving in Kuwait due to the natural end of the mobilization order. Discussions between Tappe and Busby continued throughout the year, culminating in an email where Mr. Busby stated that he did not have office space to offer Mr. Tappe, and was "not inclined to start firing and disrupting current employees just to free up office space." *Id.* at 9. Tappe replied to the email stating, "I am now giving Section 4312(e) notice that I am available to return to work and I am requesting to return to work. *Id.* at ¶ 10 (referencing USERRA). Busby did not offer Tappe an employment position. Plaintiff seeks $50,000 in lost wages pursuant to 38 U.S.C. § 4323(d)(B), and an award of at least $100,000 in liquidated damages pursuant to § 4323(d)(C) if the Court determines the USERRA violation was willful.

Defendants assert that on September 15, 2005, Mr. Tappe signed an Independent Contractor Agreement where he "resigned his position as an employee of Spencer S. Busby, A.P.L.C.," and indicated that he would "further his career as a sole proprietor lawyer and will take cases of his own." [Doc. 22-2 (Notice of Lodgment), Ex. 2.] Defendants also assert that, consistent with the agreement to proceed as an independent contractor, he executed two filings in the Bankruptcy Court, declaring under penalty of perjury that he was a self-employed attorney operating a sole proprietor law practice business, and his tax returns from 2005 - 2008 likewise state that he was a sole proprietorship, and on that basis he claimed and received the financial benefits of paying self-employment taxes and various deductions for sole proprietorships.

## II. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants answered the complaint [Doc. No. 4,] and filed a counterclaim for declaratory relief, seeking a declaration that at the time Tappe was deployed in 2007, Tappe was an independent contractor performing services on an as-needed basis for Busby, and was not Busby's employee. [Doc. No. 5.] Plaintiff filed an unopposed Motion for Partial Summary Judgment [Doc. No. 21], seeking partial summary judgment on Defendants' claims for attorneys fees. In Defendants' answer to the complaint, they seek the recovery of

costs, expenses, and attorneys' fees incurred. [Doc. No. 4].

USERRA expressly prohibits the plaintiff from being charged with fees or costs: " No fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1). Moreover, the only statutory authority for fees is limited to persons authorized to file suit under USERRA who obtained private counsel to enforce a provision of the act. § 4323(h)(2). Defendants did not oppose the motion, and in fact, conceded the issue during oral argument. Thus, the Court finds that the Defendants are not permitted to recover attorneys fees and the motion is **GRANTED**.

### III    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### A.    Standard on Summary Judgment

Summary judgment is proper only upon the movant's showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Industrial Maintenance Engineering & Contracting Co.*, 200 F.3d 1223, 1229 (9th. Cir. 2000). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Id., citing Anderson*, 477 U.S. at 248.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the moving party can demonstrate that its opponent has not made a sufficient showing on an essential element of his case, the burden shifts to the Plaintiff to set forth facts showing that a genuine issue of disputed fact remains. *Id.* at 324. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

#### B.    Analysis

Defendants seek summary judgment because 1) Tappe cannot present triable facts that he was employed by Defendants after September 15, 2005 and thus he is not entitled to USERRA reemployment benefits; and 2) Tappe should be judicially estopped from taking a position in this lawsuit contrary to his earlier declarations as to his employment status. Specifically, Defendants argue that Plaintiff withheld

information from the bankruptcy court regarding the existence of the USERRA claim for money damages against Busby that he had filed with the Department of Labor. [Doc. No. 22.]

In opposing the motion, Plaintiff argues that controlling law (the Fair Labor Standards Act) dictates that the total circumstances of the relationship, not just labels, must be examined to determine if Tappe is entitled to USERRA protections. Tappe submits a declaration in support of his opposition where he offers "the economic realities" which create disputed questions of material fact that preclude summary judgment. He also argues that judicial estoppel does not apply because there is no evidence of his bad faith in omitting the department of labor claim in his bankruptcy filings; specifically, he argues that he originally filed for Chapter 13 bankruptcy in 2007, before he had a USERRA claim, and therefore the USERRA claim is not part of the estate that was converted to Chapter 7.

USERRA grants reemployment rights and other benefits to employees who leave civilian jobs to perform military service. 38 U.S.C.A. §§ 4301 to 4335. USERRA does not, however, protect independent contractors. 20 C.F.R. § 1002.44(a) The regulation governing independent contractors sets the following factors to consider in determining whether or not the individual is an independent contractor:

> (b) In deciding whether an individual is an independent contractor, the following factors need to be considered:
> > (1) The extent of the employer's right to control the manner in which the individual's work is to be performed;
> >
> > (2) The opportunity for profit or loss that depends upon the individual's managerial skill;
> >
> > (3) Any investment in equipment or materials required for the individual's tasks, or his or her employment of helpers;
> >
> > (4) Whether the service the individual performs requires a special skill;
> >
> > (5) The degree of permanence of the individual's working relationship; and,
> >
> > (6) Whether the service the individual performs is an integral part of the employer's business.
>
> (c) No single one of these factors is controlling, but all are relevant to determining whether an individual is an employee or an independent contractor.

20 C.F.R. § 1002.44(b) & (c)

Plaintiff argues that this is a factual analysis, and summary judgment must therefore be denied. His papers, and declaration, go through the factors and provide argument and evidence to support his argument that he was not treated as an independent contractor. For example, he argues that 1) Spencer Busby

controlled his work and hours, and cites emails and deposition testimony to that effect; 2) he was paid hourly and had no opportunity for profit or loss; 3) he never invested in equipment and did not hire anyone; 4) he had a continuous (as opposed to project-based) work relationship with Busby; 5) he was an integral part of the office, participating in office meetings, answering phones, and assigning tasks to office employees; and 6) he was 90% dependent on Busby for compensation. He also argues that he had to file his tax returns as an independent contractor because he received 1099s as opposed to W2s.

The Court agrees with the Plaintiff, and finds that there are material issues of fact in dispute with respect to the various factors that must be applied in determining whether or not Mr. Tappe was, in fact, an independent contractor, and therefore outside of USERRA's protection. *See* 20 C.F.R. § 1002.44(c) ("No single one of these factors is controlling, but all are relevant to determining whether an individual is an employee or an independent contractor"). Notably, the fact that the Plaintiff had a contract describing him as an independent contractor is not one of the factors. The Court finds that Mr. Tappes' bankruptcy filings and tax returns are certainly evidence that Defendants may put forth in support of their defenses, however, such documents, are not determinative of Plaintiff's independent contractor status as a matter of law. Nor does the Court feel compelled to judicially estop Mr. Tappe from proceeding with this matter at this stage of the litigation in light of such filings. Accordingly, the motion for summary judgment is **DENIED**.

**III. CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment is **GRANTED**. Defendants' Motion for Summary Judgment is **DENIED**. The parties are ordered to contact the chambers of Magistrate Judge McCurine within **three days** of this order for further scheduling.

**IT IS SO ORDERED.**

DATED: September 28, 2012

**CATHY ANN BENCIVENGO**
United States District Judge